JOSÉ DE JESÚS, peticionario, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. ANGEL R. DE JESÚS, JUEZ; DRUG COMPANY OF PORTO RICO, INC.; JOAQUÍN BELÉNDEZ y BANCO POPULAR DE PUERTO RICO, demandados.

No. 822.—*Sometido:* Abril 7, 1932. *Resuelto:* Mayo 13, 1932.

---

NOTA: Véase el prefacio.

*Besosa & Besosa,* abogados del peticionario; *Leopoldo Feliú,* abogado de la Drug Company of P. R.; *Damián Monserrat Jr.,* abogado del Banco Popular y del Síndico.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Presentada la solicitud en este caso, su lectura produjo la impresión de que se había violentado el procedimiento despojándose de sus derechos a un ciudadano de manera drástica no autorizada por la ley, y el auto fué expedido. Desentrañadas las cuestiones envueltas a virtud de los informes y sobre todo de los alegatos presentados por los abogados de las partes, hemos llegado a la conclusión de que de acuerdo con los hechos, la ley y la jurisprudencia, el recurso de *certiorari* establecido no procede.

Lo que se pretende por el peticionario es que esta Corte Suprema anule una sentencia dictada por la Corte de Distrito de San Juan el 10 de marzo de 1932 teniendo por desistido a un demandante de cierto pleito en cobro de dinero y una orden de la propia fecha poniendo término a una sindicatura decretada en el pleito, y hecho esto que ordene a la corte de distrito que resuelva una solicitud de intervención en el litigio presentada por el peticionario. La petición de *certiorari* se archivó en esta Corte Suprema el 18 de marzo de 1932.

El pleito de que se trata se entabló por el "Banco Popular de Puerto Rico" contra la "Drug Company of Porto Rico" en cobro de $21,000 de principal a que ascienden doce pagarés transcritos en la demanda, con más $137.74 por intereses vencidos y no pagados y $2,000 para costas y honorarios de abogado.

Presentada la demanda el 2 de enero de 1932, se solicitó el propio día el aseguramiento de la sentencia que

pudiera dictarse, que fué decretado inmediatamente. El 4 de enero el demandante pidió, en moción razonada, el nombramiento de un Síndico, alegando que hacía la petición "por sí y en beneficio de todos aquellos acreedores que deseen intervenir en estos procedimientos." Se allanó la demandada y el 8 de enero la corte hizo el nombramiento. La orden está cuidadosamente redactada y contiene todas las autorizaciones específicas necesarias, a fin de que el síndico pudiera "continuar la explotación del negocio que tiene establecido dicha Corporación demandada, para que administre y rija dicha Corporación y cualquier otra empresa o negocio a que dicha Corporación está dedicada por virtud de arrendamientos, contratos, compromisos o en cualquiera otra forma como hasta la fecha hayan sido regidos y administrados en beneficio e interés de la citada Drug Co. of Porto Rico."

Así las cosas, después de haber el Síndico comenzado a actuar, el 16 de enero de 1932 José de Jesús, el peticionario en este recurso de *certiorari*, solicitó permiso para intervenir en el pleito, alegando como razones:

"2.—Que el peticionario tiene interés en este litigio, pues tiene un contrato de servicios con la demandada y al mismo tiempo es accionista por una cantidad importante, a la vez que acreedor de la misma por motivo de ciertos beneficios pendientes de liquidación.

"3.—Que el peticionario tiene interés en que se cumpla el contrato de servicios ya mencionado y al mismo tiempo se investigue la real y verdadera situación económica de la demandada, como también el origen de la reclamación presentada por la demandante, y además que se le liquide y se le pague la cantidad por la cual es acreedor."

Y en su demanda de intervención acompañada, expuso:

"3.—Que con fecha 14 de enero de 1932 el interventor, José de Jesús, recibió una notificación de Joaquín Beléndez, como Síndico nombrado en este caso, avisándole que a partir de dicha fecha se veía en la necesidad de suprimir la plaza que venía ocupando el interventor y al efecto le incluía cheque No. 20 contra el Banco Popular de Puerto Rico a su favor por la suma de $64.40.

"4.—Que de acuerdo con un contrato de servicios, participación e interés en los negocios de la demandada, Drug Co. of Porto Rico, Inc., celebrado con fecha 19 de abril de 1926 debidamente aceptado y ratificado por la Junta de Directores de la demandada, Drug Company of Porto Rico Inc., con fecha 4 de septiembre de 1929 y por su Junta General de Accionistas celebrada en dicha fecha, el interventor, José de Jesús, ha estado prestando servicios desde la primera fecha citada, a la demandada, Drug Company of Porto Rico Inc., por cuyos servicios, de acuerdo con el citado contrato, se le asignó un sueldo de $6,000.00 anuales pagaderos a razón de $115.38 semanales y además el 43¾% de los beneficios obtenidos por dicha Corporación demandada, y cuyos beneficios el interventor cree ascienden a más de $50,000.00.

"5.—Que el citado contrato de servicios, participación e interés en los negocios de la demandada, Drug Company of Porto Rico Inc. ha estado en vigor desde la fecha ya citada y aun continúa por no haber sido en forma alguna alterado, modificado ni cancelado por las partes, y el interventor, José de Jesús, ha cumplido y está cumpliendo fielmente todas y cada una de las condiciones del citado contrato.

"6.—Que el interventor, José de Jesús, ignora el motivo o derecho que ha tenido el Sr. Joaquín Beléndez, como Síndico de la demandada, Drug Co. of Porto Rico Inc., para violar el citado contrato de servicios, participación e interés en los negocios de la demandada, Drug Co. of Porto Rico Inc., cuyo contrato se alega en el párrafo cuarto de esta demanda, y por el contrario, alega el interventor, que el citado Sr. Beléndez, como Síndico, debe, de acuerdo con la orden nombrándole Síndico, acatar y dar fiel cumplimiento al citado contrato.

"7.—Que de acuerdo con los derechos que tiene el interventor contra la Corporación demandada, es acreedor por los beneficios correspondientes a 43¾% que haya obtenido la citada Corporación demandada durante los años de su existencia, cuya liquidación el interventor oportunamente solicitó al finalizar cada año de vida de la citada Corporación demandada, y cuya liquidación o liquidaciones nunca ha recibido.

"8.—Que además de tener el interventor el citado contrato de servicios, participación, e interés en los negocios de la demandada, Drug Company of Porto Rico, Inc., es accionista de la misma por la suma importante de $92,800.00 en acciones comunes y preferidas, cuyo capital fué ingresado y empleado en las referidas acciones únicamente a virtud y en consideración del contrato de servicios, parti-

cipación e interés en los negocios de la demandada, Drug Company of Porto Rico, Inc. ya alegado.

"9.—Que el interventor ignora la autorización que haya tenido el abogado de la demandada, Drug Company of Porto Rico, Inc., Lcdo. Leopoldo Feliú, para impartir su consentimiento a la Sindicatura y nombramiento del Síndico solicitado por el demandante, Banco Popular de Puerto Rico, y sin el propósito de obstaculizar dicha Sindicatura, y sí con el objeto de reservar todo y cualquier derecho que al interventor le corresponda o pueda corresponder contra todas o cualquiera de las partes en este litigio por motivo de la citada Sindicatura y el nombramiento del referido Síndico, el interventor respetuosamente solicita se pruebe a esta Hon. Corte y al interventor, la autoridad que ha tenido, o que pueda tener, el citado Lcdo. Feliú para dicha actuación.

"10.—Que el interventor, José de Jesús, por motivo del citado contrato de servicios, participación e interés en los negocios de la demandada, Drug Company of Porto Rico, Inc., como accionista y acreedor por una importante cantidad, tiene interés en que la Hon. Corte proteja sus derechos, y al efecto le conceda intervención en el nombramiento de todo y cualquier contable que pudiera ser nombrado por la Corte, para investigar, con intervención del interventor, amplia y cuidadosamente la contabilidad de la Corporación demandada desde su fundación hasta la fecha del nombramiento del Síndico, así como el origen y cuantía de la reclamación presentada por la demandante, Banco Popular de Puerto Rico."

Suplicando que se dictaran "las correspondientes órdenes y sentencias":

"1.—Declarando nula y sin efecto la notificación del Síndico fechada 14 de enero de 1932 violando .el citado contrato, y en su lugar ordenando al Síndico dé fiel y exacto cumplimiento al mismo.

"2.—Ordenando al Lcdo. Leopoldo Feliú, abogado de la demandada, Drug Company of Porto Rico, Inc., para que acredite ante esta Hon. Corte y al interventor, la debida autorización de la demandada, Drug Company of Porto Rico, Inc., para impartir su consentimiento y allanarse a la Sindicatura y al nombramiento del Síndico.

"3.—Dando intervención al interventor, José de Jesús, en el nombramiento de contable o contables que puedan ser nombrados para investigar el estado económico de la demandada, Drug Company of Porto Rico, Inc., y el crédito del demandante, Banco Popular de Puerto Rico, como también dando intervención al interventor en las citadas investigaciones.

"4.—Ordenando a la Drug Company of Porto Rico, Inc., para que dentro de un término razonable entregue al interventor, José de Jesús, una liquidación de los negocios y beneficios obtenidos año por año, de acuerdo con el citado contrato.

"5.—Que en el caso de que esta Hon. Corte apruebe la actuación del Síndico dando por terminado y rescindido el contrato de servicios, participación e interés en los negocios de la demandada, Drug Company of Porto Rico, Inc., dicte sentencia a favor del interventor, José de Jesús, ordenando a la demandada, Drug Company of Porto Rico, Inc. que devuelva al citado interventor, José de Jesús, la cantidad invertida por él en las citadas acciones, ascendentes a la suma de $92,800.00, más la suma de $50,000.00, o más, según resulte de la liquidación de año a año de los beneficios durante el tiempo que el citado contrato ha estado en vigor.

"6.—Dictando las demás órdenes que de acuerdo con la Ley y la Equidad, tenga derecho el interventor, José de Jesús."

Tanto el demandante como la demandada se opusieron a la intervención solicitada. La corte oyó argumentos, recibió *briefs* y nada consta que decidiera finalmente.

Entre tanto, el síndico continuó en sus gestiones hasta que a petición del Banco demandante, con la conformidad de la demandada, se dictaron la sentencia y la orden a que nos referimos al principio, poniendo término al pleito y a la sindicatura. El síndico presentó su informe el 11 de marzo de 1932 habiendo entregado el día antes los bienes de la demandada a sus representantes.

La moción de desistimiento se basó en haber llegado el demandante a un arreglo con la demandada en cuanto a su reclamación. Uno de sus párrafos dice textualmente:

"Expone además este demandante que tal convenio o arreglo fué celebrado también por la demandada y otorgado por la misma—con casi la totalidad de la mayoría de sus acreedores, incluyendo en éstos los bancos acreedores de la demandada y que tal arreglo tiene por propósito la continuación de la explotación del negocio de la demandada por esta misma, de manera y por medios que aseguren a éste la refacción económica necesaria para continuar sus negocios sin interrupción, incluyendo el tal convenio y plan pactado la inversión preferente de los ingresos de la demandada en el pago de las acreencias de todos sus acreedores, con todo lo cual queda asegurada de

manera estable la subsistencia de la demandada como negocio vivo y en explotación productiva.''

Los fundamentos que tuvo el peticionario para iniciar este procedimiento de *certiorari* y para pedir a esta corte que dentro de él decrete las nulidades indicadas, se expresan por él mismo en su solicitud, así:

''1.—Por no haber nunca decidido la petición de intervención de este peticionario.

''2.—Por no haber nunca concedido o negado la intervención a este peticionario antes de terminar la Sindicatura en este caso.

''3.—Por haber terminado la Sindicatura en este caso sin oír ni citar al peticionario sobre este punto y aun estando pendiente de resolverse la petición de intervención antes citada.

''4.—Por haber perjudicado grandemente al peticionario en este caso por no haberse ceñido la Hon. Corte inferior al procedimiento, a la ley, y a los más básicos principios de la equidad y haber 'atado las manos' a este peticionario tácitamente negándose a resolver su petición de intervención y no haber concedido además la intervención a este peticionario, habiéndose cohibido al peticionario por tal Sindicatura, al derecho que tenía de acuerdo con la ley, de demandar y embargar bienes de la Drug Company of Porto Rico, Inc., en Puerto Rico por estar dichos bienes en *custodia legis*.''

La verdad es que no nos explicamos cómo la corte de distrito dejó de resolver en un sentido o en otro la petición de intervención. Tuvo toda la información necesaria y el tiempo suficiente para dictar la resolución que a su juicio estimara procedente. Su falta de decisión para dedicar algunas horas de esfuerzo mental y de conciencia a dejar solucionado el problema, ha motivado este recurso que representa no horas sino días de trabajo a los abogados de las partes y a esta misma Corte Suprema. Pero esa falta que advertimos no es bastante por sí sola para justificar ahora y dentro de este recurso extraordinario el decreto de nulidad que se solicita.

En primer lugar, tendría que tratarse de un caso verdaderamente extraordinario para que el recurso de *certiorari* pudiera tramitarse a gestión de una persona que no es parte

en el litigio en que tuvieron lugar los procedimientos que se tratan de corregir, y en segundo lugar no habiéndose admitido la intervención del peticionario en el pleito, no tenía que notificársele la petición de desistimiento y podía dictarse la sentencia sin oírlo, ni dársele oportunidad de ser oído.

Es cierto que existen excepciones y que se ha resuelto que no debe prescindirse de la persona que pide intervenir, eliminándola a virtud de un desistimiento, cuando la demanda de intervención revela un derecho claro a intervenir y a obtener un remedio afirmativo, o cuando tal decisión envolvería un daño especial inmediato y directo a sus intereses.

¿Está este caso comprendido en las excepciones? Veámoslo.

El peticionario alegó que era un accionista de la corporación demandada, y ''Por regla general'', dice Corpus Juris, ''una corporación puede comparecer a defenderse en un litigio solamente en su capacidad corporativa, representada por sus directores debidamente electos. De forma que cuando se instituye un procedimiento contra una corporación, ordinariamente cae dentro de la discreción de la junta directiva el defenderse o no. El hecho de que una persona sea accionista no la faculta, como cuestión de derecho, a asumir la defensa de un litigio incoado contra la corporación, o a intervenir en el procedimiento. Solamente en casos excepcionales es que se permite a los accionistas oponerse al litigio en beneficio propio como accionistas. Se permite que un accionista intervenga en un litigio con el objeto de defender a una corporación cuando ha habido tal negligencia o desidia por parte de la corporación o de sus funcionarios en la protección de los intereses de ésta que la corte se da perfecta cuenta de que tal actuación por parte del accionista es necesaria para protegerse a sí mismo; y cuando de conformidad con los códigos modernos los remedios legales y de equidad están entrelazados, en circunstancias adecuadas, puede comparecer y oponerse al litigio tanto en derecho como

en equidad. De igual modo, cuando los directores faltando a sus deberes dejan de oponerse al litigio o se niegan a hacerlo en nombre de la corporación, se permitirá a los accionistas que lo hagan; y cuando un procedimiento instituído por o contra una corporación es dirigido fraudulentamente, una corte de equidad permitirá que un accionista intervenga para proteger sus derechos y los derechos de otro que estén situados en forma similar. Igualmente cuando una junta directiva solicita el desistimiento de un litigio pendiente instituído a nombre de la corporación por una junta directiva anterior, a los accionistas que constituyen la minoría, a cuya instancia fué incoado el pleito, que deseen proseguir el mismo, deberá permitírseles radicar un escrito complementario alegando los hechos, así como proseguir el pleito tal cual si hubiese sido instituído originalmente por ellos como accionistas que demandaban a nombre de la corporación fundados en los derechos de ésta.'' 14 C. J. 929, párrafo 1447.

Basta recordar lo alegado en la demanda de intervención para concluir que el caso del peticionario no cae dentro de las excepciones. Las decisiones que cita para sostener lo contrario, las analiza cuidadosamente en su alegato la corporación demandada y estamos conformes en que no son enteramente aplicables. No sólo no se alega un caso verdaderamente extraordinario, sino que no se demuestra que se cumpliera con las condiciones precedentes que la jurisprudencia y la buena práctica exigen.

Se trataba de una demanda establecida por un banco en cobro de cantidades líquidas constantes en pagarés vencidos y no pagados. Ningún hecho se alega por el interventor del que surja que la reclamación del banco carecía de fundamento. Ninguno que demuestre la necesidad de la intervención del accionista para garantizar los intereses de la compañía.

Cuando la demanda de intervención fué radicada, ya se había nombrado el Síndico y había comenzado a actuar. En-

tre las medidas que adoptó figuran la supresión de la plaza que el peticionario desempeñaba percibiendo además de las utilidades a que se refiere en su demanda, el sueldo de $6,000 anuales, y la terminación de cierto contrato de arrendamiento de una finca urbana cuyo canon anual era el de $5,500. La sindicatura aparentemente no sólo sirvió para impedir que los acreedores de la demandada se lanzaran contra ella embargando sus bienes y llevándola quizá a la quiebra, si que además para que despejada rápidamente la situación, volviera por sí misma a asumir la dirección de sus negocios con la confianza de sus acreedores.

Lo dicho parece suficiente para demostrar que la demanda de intervención no presenta un caso extraordinariamente fuerte en pro de un accionista interventor. Veamos si lo demuestra en cuanto a la condición de acreedor también alegada por el peticionario.

Para resolver este aspecto de la cuestión, no debe perderse de vista que el peticionario no pidió intervenir en la sindicatura sino en el pleito. El peticionario tuvo su camino expedito para reclamar dentro de la sindicatura contra la medida adoptada por el Síndico en cuanto a la supresión de su plaza. Para ello no necesitaba intervenir como parte en el litigio. De suerte que nos encontramos frente a un caso en que quizá pudo permitirse al acreedor la intervención, pero en el que no se demuestra que dicha intervención fuera absolutamente necesaria para defender sus derechos. En los mismos autos podemos ver cómo dentro de la sindicatura se defendió el arrendador en el contrato a que antes nos referimos terminado por el Síndico.

Empleamos la palabra *quizá* al decir que pudo permitirse la intervención, porque no hemos dejado de considerar la manera como se alega el contrato en que el peticionario basa su derecho de acreedor. La demandada en su alegato impugna hábil y extensamente la alegación y sostiene que es insuficiente. Tampoco hemos dejado de considerar si las

medidas que solicita el interventor dentro del pleito justifican o no la intervención y podrían o no adoptarse dada la naturaleza del mismo.

Siendo ése, el caso, habiéndose recurrido al *certiorari* después de dictada la sentencia y terminada la sindicatura y de entregados los bienes a la demandada, no nos consideramos sostenidos en ley, ni aunque lo estuviéramos, nos sentiríamos justificados en el ejercicio de nuestra discreción, para decretar las nulidades solicitadas dentro de este recurso de *certiorari*, especialmente cuando, como reconoce la demandada en su alegato, copiamos de sus propias palabras:

"Por lo que respecta a las pretensiones del peticionario, la acción de la corte claramente no constituye *res judicata*, y queda él en libertad absoluta para accionar contra là demandada y contra el demandante, si es que en realidad tiene algún derecho a reclamar algo por cualquier motivo, derecho, si lo tiene, que le quedó más expedito aún al relevar la demandada y demandante al síndico de toda responsabilidad por su administración, si alguna incurrió, en el documento, que obra en autos, sobre entrega por él a la demandada del activo de éste."

Por virtud de todo lo expuesto, *debe anularse el auto expedido y declararse no haber lugar al certiorari, devolviéndose el récord original del pleito a la corte de distrito de su origen.*

El Juez Asociado Señor Córdova Dávila no intervino.