Rodríguez de Oronoz, Jueza Ponente
*781 TEXTO COMPLETO DE LA SENTENCIA
La Sra. Norma Andino de Mesa acude ante nos solicitando que revoquemos la resolución dictada por el Hon. Francisco Viera Cruz mediante la cual se denegó la solicitud de intervención de la peticionaria en el pleito de cobro de dinero y ejecución de prenda e hipoteca instado por la Ferretería Re-Ace, Inc. contra Sireno Carlos Mesa Pando, t.c.c. Carlos Mesa, Jr.; Carlos Mesa Truck Supply, San Juan Division, Inc.; Ponce Ford, Inc.; y Carlos Mesa Truck Supplies Ponce, Inc. Por las razones que expondremos, expedimos el auto y confirmamos la resolución recurrida.
I
El 28 de diciembre de 1992 la Ferretería Re-Ace, Inc., representada por su Presidente, el Sr. Faustino Leal, y Ponce Ford, Inc.; Carlos Mesa Truck Supplies Ponce, Inc; y Carlos Mesa Truck Supplies San Juan Division, representadas por su Presidente, el Sr. Sireno Carlos Mesa Pando suscribieron un Reconocimiento de Deuda y Acuerdo de Pago ante el Notario Sergio Ortiz Atienza. En dicho acuerdo, las corporaciones representadas por el Sr. Mesa Pando, reconocieron deberle a la Ferretería Re-Ace, Inc. la suma de $200,000.00 y se comprometieron a pagar la misma en 24 meseá; más intereses al 9% anual a partir del décimo-tercer mes, pagaderos mensualmente, y un 10% del balance principal adeudado en caso de reclamación judicial para cubrir costas, gastos y honorarios de abogado. También, se dispuso que la falta de pago de dos mensualidades de intereses, así como otros actos allí estipulados, ocasionaría el vencimiento anticipado de la obligación. La suma principal adeudada se redujo a $171,850.00 luego de que se retiraran $28,150.00 que estaban consignados en el tribunal. Finalmente, en el Acuerdo notarizado se dio en prenda a la Ferretería Re-Ace, Inc. cierto pagaré hipotecario indicándose en el mismo que dicha prenda cubriría cualquier deuda futura de las corporaciones representadas por el Sr. Mesa Pando hacia la Ferretería Re-Ace, Inc.
El pagaré hipotecario dado en prenda era por la suma principal de $1,300,000.00, pagadero al portador y a la presentación. El referido pagaré aparece suscrito en Ponce, Puerto Rico, ante el Notario Miguel A. Silvestrini Alemañy el 3 de diciembre de 1991 por Mesa Truck Supply, San Juan Division, Inc. y devenga intereses al tipo anual de 9%. También provee para el pago de $10,000.00 en caso de ejecución o reclamación judicial para cubrir costas, gastos y honorarios de abogado.
El pagaré quedó garantizado el mismo día de su otorgamiento con hipoteca sobre propiedad inmueble constituida por la Escritura Número 32 otorgada en Ponce, Puerto Rico, el día 3 de diciembre de 1993 por Carlos Mesa Truck Supply, San Juan Division, Inc., sobre la siguiente propiedad inmueble:

"URBANA: Solar situado en el Barrio Monacillos del término municipal de Río Piedras, hoy San Juan, Puerto Rico, con una cabida superficial de 4.933.13 metros cuadrados, en lindes por el Norte, en 49.00 metros lineales, con la Avenida Monte Rey, y en parte con la curva que demarca la intersección de dicha Avenida con la Calle Acacias; por el Este, que es su frente, en 107.00 metros lineales, con la Calle Acacias y en parte con la curva que demarca la intersección de dicha calle con la Avenida Monte Rey; por el Sur, en 56.36 metros lineales con los terrenos pertenecientes a la Autoridad de Fuentes Fluviales de Puerto Rico; y por el Oeste, en 81.65 metros lineales, con solar núm. 11 déla Avenida Monte Rey, propiedad de Armstrong y Ortiz. Enclavan dos edificaciones.

*782
Dicha hipoteca quedó inscrita en el Registro de la Propiedad, Sección III de San Juan, con rango de tercera alfolio 31 (vuelto) del tomó 809 de Monacillos, finca número 13,270, inscripción 10 ma."

Las corporaciones representadas por el Sr. Sireno Carlos Mesa Pando incumplieron el Reconocimiento de Deuda y Acuerdo de Pago. El 2 de junio de 1997 la Ferretería Re-Ace, Inc. radicó una demanda en la cual solicitaba que se condenara a Sireno Carlos Mesa Pando; Carlos Mesa Truck Supply, San Juan Division, Inc.; Ponce Ford, Inc.; y Carlos Mesa Truck Supplies Ponce, Inc. a pagar a la demandante las sumas adeudadas y que, de convertirse en firme la sentencia, se ejecutara la prenda y la hipoteca constituida para garantizar la obligación. Dicha demanda fue contestada el 12 de agosto de 1997. El 17 de abril de 1998 ambas partes presentaron el Informe de Conferencia con Antelación al Juicio y el 21 de abril de 1998 se celebró la Conferencia con Antelación al Juicio, en la cual se señaló una vista en su fondo para el 16 de junio de 1998.
El 18 de mayo de 1998 la Sra. Norma Andino de Mesa radicó una Demanda de Intervención en la cual solicitaba que el tribunal permitiese su intervención en el pleito de cobro de dinero y ejecución de prenda e hipoteca porque alegaba ser principal accionista de las corporaciones Carlos Mesa Truck Supply, San Juan Division y de Carlos Mesa Truck Supplies, Ponce, Inc. y que, además, fue accionista de la hoy liquidada Ponce Ford, Inc. La Sra. Andino de Mesa también alegaba que su esposo Sireno Carlos Mesa Pando suscribió el Acuerdo de Pago sin autorización corporativa alguna y que en forma alguna la Sociedad de Gananciales constituida por ella y su esposo Sireno Carlos Mesa Pando se benefició de dicho préstamo. La demandante Ferretería Re-Ace, Inc. radicó su oposición a la solicitud de intervención el 27 de mayo de 1997 en la que alegó que la Sra. Andino de Mesa no tenía base legal alguna para pretender defender los derechos de las corporaciones frente a terceros.
El 4 de junio de 1998 el tribunal denegó la solicitud de intervención de la Sra. Andino de Mesa. Dicha resolución fue notificada el 8 de junio de 1998 y el 22 de junio de 1998 el tribunal dictó sentencia declarando con lugar la demanda, ejecutando la prenda e hipoteca antes mencionadas y condenando a las corporaciones co-demandadas a pagar solidariamente a la Ferretería Re-Ace, Inc. la suma principal de $134,221.88, más intereses al 9% anual sobre dicho principal desde el 24 de noviembre de 1993 hasta la fecha del pago total y la suma de $10,000.00 por concepto de costas, gastos y honorarios de abogado. También se condenó al co-demandado Sireno Carlos Mesa Pando a pagar a la Ferretería Re-Ace, Inc. la suma principal de $3,000.00 más intereses al 6% anual sobre dicho principal desde el 15 de marzo de 1993.
El 8 de julio de 1998 la Sra. Norma Andino de Mesa presentó el certiorari que nos ocupa. En el recurso la Sra. Andino de Mesa aduce como error el que no se permitiera su intervención en el pleito de Ferretería Re-Ace. Inc. v. Sireno Carlos Mesa Pando etc., KCD-97-0244, aún cuando ella tiene alegados intereses y derechos propietarios sobre las corporaciones demandadas. No le asiste la razón.
La intervención es la institución procesal mediante la cual un tercero puede constituirse en parte litigante en un proceso. La intervención debe ser oportuna. El tribunal decidirá discrecionalmente si ha de permitirla dependiendo de la etapa en que se encuentre el proceso y lo que pretenda el interventor. Lo más importante a considerar es si esa intervención causaría dilación injustificada a las partes que ya están litigando. Rafael Hernández Colón, Práctica Jurídica de Puerto Rico Derecho Procesal Civil, San Juan, Michie de Puerto Rico, 1997, pág. 121.
La intervención en un pleito como cuestión de derecho está regulada por la Regla 21.1 de Procedimiento Civil que dispone:

"Mediante oportuna solicitud, cualquier persona tendrá derecho a intervenir en un pleito (a) cuando por ley o por estas reglas se le confiere un derecho incondicional a intervenir; o (b) cuando el solicitante reclama algún derecho o interés en la propiedad o asunto objeto del litigio que pudiere de hecho quedar afectado con la disposición final del pleito."

Como surge de su texto, la citada Regla 21.1 impone límites a la intervención. Es decir, que en Puerto Rico no rige el principio que sanciona la intervención indiscriminada ni que toda duda debe resolverse a favor de la intervención. El criterio para determinar si se reconoce o no a un peticionario el derecho de intervención es práctico y no conceptual. Está limitado por criterios tales como los *783 siguientes: (1) si existe de hecho un interés que amerite protección; y (2) si quedaría afectado, como cuestión práctica, por la ausencia del interventor en el caso. En otras palabras, para que proceda una intervención como cuestión de derecho, la parte interventora debe establecer un interés suficiente o de envergadura que pudiera ser menoscabado y que existe inadecuada representación en ej pleito para protegerlo. Chase Manhattan Bank v. Nesglo Inc., 111 D.P.R. 767, 770 (1981); Ready Mix Concrete Inc. v. Ramírez de Arellano y Co. Inc., 110 D.P.R. 869, 873 (1981); J. Cuevas Segarra, Práctica Procesal Puertorriqueña: Procedimiento Civil, San Juan, Publicaciones J.T.S., 1979, Análisis Editorial, Supl. 1994, pág. 127.
Es claro que la decisión de un tribunal de admitir o denegar la intervención necesariamente depende de los hechos particulares del caso. La determinación final depende del balance o equilibrio a lograrse entre el interés en la economía procesal representada por la solución en un sólo pleito de varias cuestiones relacionadas entre sí y el interés en evitar que los pleitos se compliquen y eternicen innecesariamente. Chase Manhattan Bank v. Nesglo Inc., supra, pág. 770.
En el caso de autos, la Sra. Andino de Mesa pretende que se le permita intervenir en el pleito de cobro de dinero y ejecución de prenda e hipoteca contra las corporaciones co-demandadas por ser accionista principal de las referidas corporaciones y por razón de la Sociedad Legal de Gananciales constituida con el Sr. Mesa Pando.
El hecho de que una persona sea accionista no la faculta, como cuestión de derecho, a asumir la defensa de un litigio incoado contra la corporación, o a intervenir en el procedimiento. Solamente en casos excepcionales se permite a los accionistas oponerse al litigio en beneficio propio como accionistas. Así, por vía de ejemplo, se permite que un accionista intervenga en un litigio con el objeto de defender a una corporación cuando ha habido tal negligencia o desidia por parte de la corporación o de sus funcionarios en la protección de los intereses de ésta que el tribunal se da perfecta cuenta de que tal actuación por parte del accionista es necesaria para protegerse a sí mismo. De Jesús v. Corte, 43 D.P.R. 483, 490 (1932).
De los autos surge que las corporaciones Carlos Mesa Track Supply, San Juan Division, Inc.; Carlos Mesa Track Supplies, Ponce, Inc.; y Ponce Ford, Inc. fueron representadas en la demanda de cobro de dinero y ejecución de prenda e hipoteca instada contra ellas. No se ha alegado ni probado que hubo negligencia o desidia por parte de las corporaciones co-demandadas o de sus funcionarios en la protección de los intereses de éstas. Así las cosas, no estamos ante un caso excepcional que permita la intervención de la Sra. Andino de Mesa en el pleito, por ser principal accionista de las corporaciones co-demandadas.
En cuanto al planteamiento de la Sra. Andino de Mesa de su derecho a intervenir en el pleito por razón de ser integrante de la Sociedad Legal de Gananciales constituida con el Sr. Mesa Pando, basta señalar que los bienes a ejecutarse no eran ni habían sido de la Sociedad Legal de Gananciales.
Cabe destacar lo inoportuna que fue la solicitud de intervención de la Sra. Andino de Mesa. La misma fue presentada el 18 de mayo de 1998, un mes antes de la celebración de la vista en su fondo. La demanda se presentó el 2 de junio de 1997. Cuando la Sra. Andino de Mesa solicitó intervenir en el pleito, ya habían transcurrido once (11) meses durante los cuales se llevó a cabo el descubrimiento de prueba, se celebró la conferencia con antelación al juicio y las partes se prepararon para la fase final del caso. Ella no alega que estuvo al margen de estos procesos judiciales, por lo que tenemos que deducir lo contrario.
Por todo lo antes expuesto, se expide el auto solicitado y se confirma la resolución recurrida.
Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General